# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SOVEREIGN SKY INC.,<br><br>Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA; U.S. CUSTOMS AND BORDER PROTECTION; and RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection,<br><br>Defendants. | Court No. 1:26-cv-4517 |

## COMPLAINT

Plaintiff, by and through its undersigned attorneys, alleges as follows:

1. Sovereign Sky Inc. ("Plaintiff") is an importer who brings this complaint to challenge the assessment of certain duties on its merchandise.

2. Beginning in February 2025, through a series of executive orders, President Trump invoked the International Emergency Economic Powers Act ("IEEPA") as authority to impose tariffs ("IEEPA Duties") on goods imported from nearly every foreign country, including countries from which Plaintiff sources its imports.

3. This Court, the Federal Circuit, and the Supreme Court have held that IEEPA does not authorize these tariffs. *V.O.S. Selections, Inc. v. United States*, 772 F. Supp. 3d 1350 (Ct. Int'l Trade), *aff'd in part and rev'd in part*, 149 F.4th 1312 (Fed. Cir.), *aff'd sub nom. Learning Resources, Inc. v. Trump*, 607 U.S. ---, 2026 U.S. LEXIS 714 (Feb. 20, 2026).

4. Through this action, Plaintiff seeks a refund of all IEEPA Duties paid to Defendants with such costs and interest as provided by law and any further relief this Court

deems appropriate.

5. This action is necessary because even though the IEEPA Duties have been held unlawful by this Court and the Supreme Court, *inter alia*, importers that have paid IEEPA Duties, including Plaintiff, are not guaranteed a refund for those unlawfully collected tariffs in the absence of their own order or judgment from this Court.

6. Further, this action is necessary because it is uncertain whether Defendants will issue refunds on liquidated entries even in light of the Supreme Court's recent *Learning Resources* decision. Plaintiff seeks relief from the final or impending liquidations to ensure that its right to a complete refund is not jeopardized.

7. Accordingly, Plaintiff seeks a full refund, with costs and interest as required by law, of all IEEPA Duties Plaintiff has paid to Defendants.

**PARTIES**

8. Plaintiff is an importer of various goods on which IEEPA Duties were paid. Plaintiff is a California corporation.

9. Defendant United States Customs and Border Protection ("CBP" or "Customs") is a federal agency that collects duties on goods imported into the United States.

10. Defendant Rodney S. Scott is the Commissioner of CBP and is sued in his official capacity.

11. Defendant United States of America received the unlawful IEEPA Duties and is the statutory defendant under 5 U.S.C. § 702 and 28 U.S.C. § 1581(i)(1)(B).

12. Defendants are referred to collectively in this complaint as "Defendants."

**JURISDICTION**

13. This Court has subject matter jurisdiction over this action under 28 U.S.C.

§ 1581(i). *See Learning Res., Inc. v. Trump*, Nos. 24-1287, 25-250, 2026 U.S. LEXIS 714, at *15 n.1 (Feb. 20, 2026) (quoting 28 U.S.C. §1581(i)(1)) ("[T]he V.O.S. Selections case falls within the exclusive jurisdiction of the CIT. The plaintiffs' challenges 'arise[ ] out of' modifications to the HTSUS.").

14. This Court has the same powers at law, in equity, and as conferred by statute as a United States District Court. 28 U.S.C. § 1585. In a civil action under 28 U.S.C. § 1581, this Court can enter a money judgment against the United States and can order any other appropriate civil relief, including declaratory judgments, injunctions, orders of remand, and writs of mandamus or prohibition. 28 U.S.C. §§ 2643(a)(1), (c)(1).

## STANDING

15. Plaintiff has standing to bring this lawsuit, pursuant to 28 U.S.C. § 2631(i), because it is the importer of record of goods subject to the unlawful IEEPA Duties as implemented and collected by CBP, and is thereby "adversely affected or aggrieved by agency action." Plaintiff, as importer of record, has suffered injury by being required to pay the unlawful IEEPA Duties. The relief Plaintiff seeks from this Court would redress such injury.

16. Plaintiff has commenced this action "within two years after the cause of action first accrues." 28 U.S.C. § 2636(i). Plaintiff's action is therefore timely.

## BACKGROUND

### I. The IEEPA Duties

#### A. Trafficking Tariffs

17. Since taking office on January 20, 2025, the President has declared several national emergencies and imposed various tariffs in response. The President has subsequently issued a number of pauses and modifications to those tariffs, as outlined below.

18. Beginning on February 1, 2025, President Trump issued a series of executive orders that claimed to address an influx of illegal migration, human trafficking, and illicit drugs across the U.S. border; these executive orders imposed tariffs on imports from Canada, Mexico, and China, and were premised on IEEPA authorizing the tariffs to address this declared national emergency (collectively, the "Trafficking Tariff Orders.").[1]

19. President Trump subsequently modified the Trafficking Tariff Orders to impose additional tariffs. *See* Exec. Order No. 14200, Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China, 90 Fed. Reg. 9277 (Feb. 11, 2025); Exec. Order No. 14228, Further Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China, 90 Fed. Reg. 11,463 (Mar. 7, 2025).[2]

**B. Worldwide and Reciprocal Tariffs**

20. On April 2, 2025, President Trump issued Executive Order 14257 ("Reciprocal Tariff Order"), invoking IEEPA to impose a general 10% *ad valorem* duty on all "imports from all trading partners."[3] The Reciprocal Tariff Order imposed these tariffs on 57 countries and were premised on a national emergency regarding trade deficits. *Id.* These tariffs ranged from 11% to 50%. *Id.*

---

[1] Exec. Order No. 14194, *Imposing Duties To Address the Situation at Our Southern Border*, 90 Fed. Reg. 9,117 (Feb. 7, 2025); Exec. Order No. 14193, *Imposing Duties To Address the Flow of Illicit Drugs Across Our Northern Border*, 90 Fed. Reg. 9,113 (Feb. 7, 2025); Exec. Order No. 14195, *Imposing Duties To Address the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9,121 (Feb. 7, 2025). The China Tariff Order imposed an additional 10% ad valorem tariff on products from China imported into the United States in addition to existing duties.

[2] A complete list of amendments to executive orders can be found in the Court's decision in *V.O.S. Selections, Inc. v. United States*, 772 F. Supp. 3d 1350 (Ct. Int'l Trade 2025).

[3] Exec. Order No. 14257, *Regulating Imports With a Reciprocal Tariff To Rectify Trade Practices That Contribute to Large and Persistent Annual United States Goods Trade Deficits*, 90 Fed. Reg. 15,041 (Apr. 7, 2025).

21. As with the Trafficking Tariff Orders, President Trump subsequently modified the Reciprocal Tariff Order. *See* Exec. Order No. 14259, *Amendment to Reciprocal Tariffs and Updated Duties As Applied to Low-Value Imports from the People's Republic of China*, 90 Fed. Reg. 15509 (Apr. 14, 2025) (raising the reciprocal tariff rate on China from 34% to 84%); Exec. Order No. 14266, *Modifying Reciprocal Tariff Rates To Reflect Trading-Partner Retaliation and Alignment* (Apr. 9, 2025) 90 Fed. Reg. 15625 (Apr. 15, 2025) (suspending for 90 days the higher country-specific tariffs on all countries except for China, which was again raised from 84% to 125%).

22. The President's slew of executive orders directed changes to the Harmonized Tariff Schedule of the United States ("HTSUS")—the statute that sets tariff rates for all merchandise imported into the United States—requiring that goods subject to IEEPA Duties be entered under new tariff classifications.

23. On April 14, 2025, several companies filed an action in this Court to challenge the legality of these tariff orders. *See V.O.S. Selections*, *et al. v. Donald J. Trump*, *et al.*, No. 25-cv-00066, (Ct. Int'l Trade Apr. 14, 2025), ECF No. 2. As explained below, this Court held the orders unlawful; the Federal Circuit and the Supreme Court then affirmed.

24. In the months after the *V.O.S. Selections* complaint was filed, President Trump, invoking IEEPA, has issued additional executive orders imposing additional tariffs and modifying others. By filing this complaint, however, Plaintiff challenges only those orders this Court, the Federal Circuit, and the Supreme Court have already held to be unlawful (the "Unlawful Tariff Orders") and under which Plaintiff has paid duties.

### C. CBP's implementation of the IEEPA Duties

25. CBP is responsible for the assessment and collection of duties, including the

IEEPA Duties. *See* 19 U.S.C. §§ 1500, 1502.

26. CBP classifies merchandise imported into the United States consistent with tariff rates set by the HTSUS. *See* 19 U.S.C. § 1202; 19 C.F.R. § 152.11.

27. Once CBP determines the final amount of duty, CBP "liquidates" the entry and notifies the importer of record whether they owe more money or are entitled to a refund. *See* 19 U.S.C. § 1500.

28. Once liquidation has occurred, an importer of record has 180 days to file a protest contesting the liquidation. 19 U.S.C. § 1514(a).

29. This Court and the Federal Circuit have cautioned that in certain circumstances an importer may lack the legal right to recover refunds of duties for liquidated entries, even where a tariff is later found to be unlawful. *See In re Section 301 Cases*, 524 F. Supp. 3d 1355, 1365–66 (Ct. Int'l Trade 2021); *Target Corp. v. United States*, 134 F.4th 1307, 1316 (Fed. Cir. 2025). Plaintiff accordingly seeks relief from this Court so that it may receive a full refund of the IEEPA Duties that were imposed by the Unlawful Tariff Orders and paid by Plaintiff.

## II. Plaintiff paid IEEPA Duties

30. As of the date of this complaint, Plaintiff has paid IEEPA Duties imposed by the Unlawful Tariff Orders.

31. Plaintiff's imports subject to IEEPA Duties entered the United States under new HTSUS codes. The IEEPA Duties have been held unlawful by this Court, the Federal Circuit, and the Supreme Court. *See V.O.S. Selections, Inc. v. United States*, 772 F. Supp. 3d 1350 (Ct. Int'l Trade), *aff'd in part and rev'd in part*, 149 F.4th 1312 (Fed. Cir.), *aff'd sub nom. Learning Resources, Inc. v. Trump*, 607 U.S. ---, 2026 U.S. LEXIS 714 (Feb. 20, 2026).

**COUNT I**
**Refund of IEEPA Duties Paid**

32. Plaintiff incorporates paragraphs 1 through 31 by reference.

33. This Court recently held that it has "the explicit power to order reliquidation and refunds where the government has unlawfully exacted duties." *AGS Co. Auto. Sols. v. U.S. Customs & Border Prot.*, --- F. Supp. 3d ---, 2025 Ct. Intl. Trade LEXIS 158, at *7 (Dec. 15, 2025) (quotation omitted).

34. Plaintiff is entitled to a refund of the unlawfully collected IEEPA Duties paid to Defendants, with costs and interest as provided by law.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests that this Court:

a) order Defendants to reliquidate without IEEPA Duties all of Plaintiff's entries that were liquidated with IEEPA Duties;

b) order Defendants to liquidate without IEEPA Duties all of Plaintiff's unliquidated entries filed with IEEPA Duties;

c) order Defendants to refund to Plaintiff all IEEPA Duties collected from Plaintiff, with interest as provided by law;

d) award Plaintiff its reasonable costs, including attorney's fees incurred in bringing this action; and

e) grant such other and further relief as this Court deems just and proper.

Dated: October 14, 2026

COWAN, LIEBOWITZ & LATMAN, P.C.
*Attorneys for Plaintiff*

By: /s/ Clarence J. Erickson
Clarence J. Erickson
114 West 47th Street
New York, New York 10036
(212) 790-9200
cje@cll.com